UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Walmart Inc. Securities Litigation* | ) <br> ) Case No. 21-cv-55-CFC <br> ) **(Consolidated)** <br> ) <br> ) **CLASS ACTION** <br> ) |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
# MOTION REQUESTING JUDICIAL NOTICE

Dated: August 26, 2022

Of Counsel:

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3287
Email: lrosen@rosenlegal.com
pkim@rosenlegal.com
sfuks@rosenlegal.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

Lead Plaintiff Kim Kengle, as trustee for the Kim K. Kengle 2000 Trust, and named plaintiff Roseanne Lacy ("Plaintiffs") submit this memorandum of law in support of Plaintiffs' Motion Requesting Judicial Notice of the Abatement Order entered on August 17, 2022 in *In Re: National Prescription Opiate Litigation* (MDL 2804) ("Abatement Order"), annexed as Exhibit 1 to the accompanying Declaration of Sara Fuks.[1]

## PROCEDURAL HISTORY

On January 20, 2021, plaintiff Richard Stanton filed a complaint alleging violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). On May 11, 2021 the Court appointed Kim Kengle as Lead Plaintiff and selected the Rosen Law Firm, P.A. as Lead Counsel and Farnan LLP as Liaison Counsel for the putative class (D.I. 18).

On July 12, 2021 Plaintiffs filed their Amended Class Action Complaint ("AC") alleging that Defendants concealed from investors the U.S. Government's investigations into Walmart's violations of the Controlled Substances Act ("CSA") in connection with Walmart's dispensing and distribution of opioids. (D.I. 29). The

---

[1] All cites to Exhibit 1 refer to the exhibit attached to the Declaration of Sara Fuks.

1

AC is based in part on documents filed in *In Re: National Prescription Opiate Litigation,* Case No. 1:17-md-2804 (N.D. Ohio) ("Opioid MDL").

On October 8, 2021 Defendants filed a Motion to Dismiss the AC and a Motion for Request for Consideration under the Incorporation-by-Reference Doctrine of Judicial Notice in Support of Defendants' Motion to Dismiss. (D.I. 38-42). The Motion to Dismiss has been fully briefed and the Court has set Oral Argument for September 9, 2022 (D.I. 51-52; 7/25/2022 Oral Order).

On November 29, 2021 Plaintiffs submitted a motion requesting that the Court take judicial notice of a November 23, 2021 jury verdict in two test cases in the MDL finding Walmart guilty of creating a public nuisance in connection with Walmart's dispensing and distribution of opioids. (D.I. 45-46). Defendants opposed Plaintiffs' motion. (D.I. 48).

On August 17, 2022 the Court in the MDL issued an Abatement Order setting forth the penalty for Walmart's violations and ordering Walmart to take certain actions to abate the public nuisance for which the jury found Walmart guilty. The Abatement Order found that Walmart, CVS and Walgreens must pay a total of $650.6 million over the course of 15 years and immediately fund two-years' worth of payments ($86.7 million) into an Abatement Fund. *See* Ex. 1 at 4, second bullet point. In the Abatement Order, the MDL Court held that because "the evidence presented in the Phase I trial overwhelmingly demonstrated that Defendants'

underlying dispensing conduct was both knowing and intentional" joint and several liability was appropriate. *Id*. at 62-64. Accordingly, Walmart's share of the penalty is $216,866,667.

As part of the Abatement Order the MDL Court also entered an Injunction Order directing Walmart (and CVS and Walgreens) to "undertake certain actions to ensure that they are complying fully with the Controlled Substances Act and avoiding further improper dispensing conduct." (*Id*. at 4, fourth bullet point.). The Injunction Order requires, among other things, that Walmart implement and maintain a Controlled Substance Compliance Program ("CSCP"), comply with the applicable federal and Ohio state laws regarding dispensing of Controlled Substances, and designate an independent Chief Controlled Substance Compliance Officer who completes an annual compliance certification.  (Ex. 1 at Ex. A, p. 1-5, 13).  The term of the Injunctive Order is 15 years. (*Id*. at 3).

## ARGUMENT

Plaintiffs respectfully request that the Court take judicial notice of the Abatement Order and Exhibit A thereto.  Under Rule 201(b) of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Abatement

Order satisfies this standard. Because the accuracy of the docket of the Northern District of Ohio in which the Abatement Order was entered cannot reasonably be questioned, the contents of the Abatement Order should be treated as judicially noticed facts. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020). ("Courts may take judicial notice of public records, including publicly available records and transcripts from judicial proceedings. In particular, publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss.) (internal citations and quotations omitted); *Leonard v. Stemtech Int'l, Inc.*, 2012 WL 3655512, at *3 (D. Del. Aug. 24, 2012) (taking judicial notice of complaint filed in another matter because "the law is clear that the Court may properly consider the existence of the record in a record in a previous action").

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the Abatement Order attached as Exhibit 1 to the Declaration of Sara Fuks filed herewith.

| | |
|---|---|
| Dated: August 26, 2022 | Respectfully submitted, |
| | **FARNAN LLP** |
| Of Counsel: | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| **THE ROSEN LAW FIRM, P.A.** | Michael J. Farnan (Bar No. 5165) |
| Laurence Rosen | 919 N. Market St., 12th Floor |
| Phillip Kim | Wilmington, DE 19801 |
| Sara Fuks | Telephone: (302) 777-0300 |
| 275 Madison Avenue, 40th Floor | Facsimile: (302) 777-0301 |
| New York, NY 10016 | Email: bfarnan@farnanlaw.com |
| Telephone: (212) 686-1060 | Email: mfarnan@farnanlaw.com |
| Facsimile: (212) 202-3287 | |
| Email: lrosen@rosenlegal.com | *Attorneys for Plaintiffs* |
| pkim@rosenlegal.com | |
| sfuks@rosenlegal.com | |

## **CERTIFICATION OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's March 2, 2020 form Scheduling Order for All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 827 words, excluding the case caption, signature block, table of contents and table of authorities.

        /s/ Brian E. Farnan  
Brian E. Farnan (Bar No. 4089)

Dated: August 26, 2022